UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL J. MERCER, M.D.

       Plaintiff,

versus

MENA HOSPITAL
COMMISSION, d/b/a MENA
REGIONAL HEALTH
SYSTEM and JOHN DOE
INSURANCE  CARRIER

       Defendants.

Case No  14- 2041

COMPLAINT

Comes now Plaintiff, MICHAEL MERCER, M.D., by and through his attorneys, GILL

RAGON OWEN, P.A., and for his Complaint against Defendants, MENA HOSPITAL

COMMISSION, d/b/a/ MENA REGIONAL HEALTH SYSTEM ("MRHS") and JOHN DOE 1,

states and alleges as follows:

INTRODUCTION

1.      Plaintiff brings this action against Defendants for violations of the Americans

with Disability Act ("ADA") as amended, 42 U.S.C. § 12111, *et seq*.; Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.; the Family Medical Leave Act, 29 U.S.C. §

2601 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a); the

Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq*.; for retaliation in

violation of the foregoing state and federal laws; for wrongful termination in violation of the

public policy of the State of Arkansas and for Invasion of Privacy.

JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1337. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

4.      MRHS is located in the Western District of Arkansas and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

5.      The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

PARTIES

6.      Plaintiff, Michael Mercer, M.D, ("Dr. Mercer" or "Plaintiff") is a resident of Garland County, Arkansas. Plaintiff suffered from Heart Disease at all times relevant hereto and his condition substantially limits major life activities. Plaintiff is able to perform his duties as Physician and Chief of Surgery with reasonable accommodations.

7.      Based upon information and belief, MRHS is a municipal hospital doing business at 311 North Marrow, Mena, Arkansas, and is engaged in the business of providing medical services to the residents of Polk County, Arkansas and surrounding areas. MRHS has continuously had at least fifty (50) employees.

8.      Based upon information and belief, MRHS may claim statutory immunity pursuant to Ark. Code Ann. § 21-9-301 or pursuant to the common-law protection of charitable immunity.

9.      John Doe 1 is the liability carrier for MRHS, as is properly a defendant herein pursuant to Ark. Code Ann. § 23-79-210. John Doe 1's actual identity is not known to Plaintiff, but it is believed that John Doe 1's identity will become known through the discovery process. Plaintiff will amend his Complaint to contain John Doe 1's actual identity when such information becomes known to Plaintiff.

PROCEDURAL HISTORY

10.     In July 2011, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 493-2011-01200, contending that MRHS discriminated against Plaintiff because of Plaintiff's status as an individual with a disability and in violation of the Americans with Disability Act of 1990, 42 U.S.C. § 12101 *et seq.* (hereinafter "ADA"). Plaintiff's claim was filed and perfected by the EEOC on or about September 28, 2011.

11.     On or about December 9, 2011, Plaintiff submitted a revised Charge of Discrimination to the EEOC, adding claims related to retaliatory actions taken by MRHS against Plaintiff in response to the initial Charge of Discrimination filed.

12.     On September 17, 2012, the EEOC issued a Determination on the merits of Plaintiff's charge, a copy of which is attached hereto as **Exhibit A** and incorporated by reference herein. The EEOC found, among other things, that:

     a.  MRHS is an employer within the meaning of the ADA;

     b.  There is reasonable cause to believe the MRHS failed to maintain Plaintiff's medical information confidential in accordance with the ADA.

13.     The EEOC invited Plaintiff and MRHS to engage in a conciliation process; however, MRHS declined.

14.     On or about December 25, 2013, Plaintiff's Charge of Discrimination was forwarded to the U.S. Department of Justice by the EEOC.

15. On December 3, 2013, the U.S. Department of Justice issued Plaintiff's Notice of Right to Sue, a copy of which is attached hereto as **Exhibit B** and incorporated by reference herein.

16. Plaintiff filed this lawsuit within 90 days of the date Plaintiff received Plaintiff's Notice of Rights letter.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

18. On or about December 10, 2008, MRHS hired Plaintiff to serve as Physician and Chief of Surgery at the MRHS hospital located in Mena, Arkansas.

19. Plaintiff served as Chief of Surgery for MRHS for approximately two (2) years without incident.

20. On or about May 23, 2011, Plaintiff advised MRHS that he was to undergo cardiovascular testing at the Arkansas Heart Hospital to determine whether he suffered from heart disease requiring medical treatment and that, in the event that he required treatment, he would require workplace accommodations and/or time off.   Plaintiff communicated the foregoing to MRHS's Chief Executive Office ("CEO"), Bob Ellzey, and Dr. Tim Bowen.

21. Plaintiff was subsequently diagnosed with heart disease and was required to undergo emergency bypass surgery for same.

22. Plaintiff informed Bob Ellzey of MRHS that he would undergo emergency bypass surgery on June 1, 2011, and requested medical leave for the procedure and recovery.

23. Plaintiff requested that his temporary leave be listed as "medical leave" and further requested that the fact that he was undergoing heart surgery was to be kept confidential.

24.     On June 1, 2011, Plaintiff had emergency five-vessel coronary artery bypass surgery at the Arkansas Heart Hospital performed by Dr. C.D. Williams.

25.     On June 1, 2011, MRHS, acting by and through Bob Ellzey, sent a memorandum via e-mail to approximately sixty (60) individuals disclosing that Plaintiff was undergoing bypass surgery and would be out for several weeks for recovery (the "June 1 Memo"). A copy of the June 1 Memo is attached hereto as **Exhibit C** and incorporated by reference herein.

26.     The recipients of the June 1 Memo included MRHS employees, as well as individuals not employed by MRHS.

27.     The June 1 Memo failed to include any statement or instruction advising the recipients to maintain the confidentiality of Plaintiff's medical information contained therein. *See* **Exhibit C.**

28.     On June 6, 2011, MRHS, acting by and through Bob Ellzey, sent a second e-mail to approximately sixty (60) individuals informing them that Plaintiff had bypass surgery and would be out for several weeks for recovery (the "June 6 Memo"). A copy of the June 6 Memo is attached hereto as **Exhibit D** and incorporated by reference herein.

29.     The recipients of the June 6 Memo included MRHS employees as well as individuals not employed by MRHS.

30.     The June 6 Memo failed to include any statement or instruction advising the recipients to maintain the confidentiality of Plaintiff's medical information contained therein. *See* **Exhibit D**.

31.     Moreover, MRHS advised the local newspaper, the Mena Star, of Plaintiff's confidential health information. Specifically, on June 9, 2011, the Mena Star published an article outlining, in part, the following: "According to Mena Regional Health System, due to recent

illness, Dr. Michael Mercer, MRHS General Surgeon, will be out of the office for the next few weeks." A copy of the June 9, 2011 Mena Star article is attached hereto as **Exhibit E** and incorporated by reference herein.

32.     On or about July 25, 2011, Plaintiff resumed part-time work at MRHS after being permitted to work by Dr. C.D. Williams and MRHS personnel.

33.     Within two (2) weeks of his return to work, Plaintiff resumed working on a full-time basis.

34.     As stated above, in July 2011, Plaintiff filed a Charge of Discrimination with the EEOC against MRHS for violating his right to have his medical information kept confidential as described in Paragraphs 25 through 31 of this Compliant.

35.     On or about September 28, 2011, Plaintiff sent, and MRHS received, a copy of Plaintiff's executed and perfected EEOC Charge of Discrimination.

36.     On September 30, 2011, without Plaintiff's knowledge or consent, Dr. David Brown, Chief of Medicine for MRHS, accessed and reviewed Plaintiff's pharmaceutical records maintained by MRHS.

37.     After reviewing Plaintiff's pharmaceutical records, Dr. David Brown contacted MRHS Chief of Staff, Dr. David Fox, and interim CEO, Dr. Tim Bowen, requesting a meeting to discuss the contents of Plaintiff's confidential pharmaceutical records maintained by MRHS.

38.     Based upon information and belief, on September 30, 2011, Dr. David Brown, Dr. Patrick Fox and Dr. Tim Bowen met to discuss Plaintiff's confidential pharmaceutical records and concluded that Plaintiff was abusing prescription medications and should be placed on temporary suspension.

39.     Based upon information and belief, the September 30, 2011 meeting referenced above was held in violation of Arkansas' Freedom of Information Act, Ark. Code Ann. § 25-19-101, *et seq.*

40.     On October 2, 2011, MRHS, through its interim CEO, Dr. Tim Bowen, unilaterally cancelled all of Plaintiff's elective surgery cases and subsequently notified Plaintiff of same.

41.     On October 3, 2011, MRHS, by and through Dr. Tim Bowen, Dr. Patrick Fox and Dr. David Brown, advised Plaintiff that he was being placed on temporary suspension due to Plaintiff's alleged abuse of prescription medication. Plaintiff denied all allegations and did not volunteer to being placed on suspension.

42.     Plaintiff's treating physicians were never contacted or consulted with in reaching the determination that Plaintiff was abusing prescription medication, in deciding to unilaterally cancel all of Plaintiff's scheduled surgeries, or in the decision to suspend Plaintiff's employment with MRHS.

43.     After October 3, 2011, MRHS changed the locks on Plaintiff's office and denied him any access to his patients and their medical records.

44.     On or about October 4, 2011, MRHS advised Plaintiff that his healthcare benefits plan would be suspended on October 31, 2011. *See* October 4, 2011 letter from Mary Ellen Winters, Director of Human Resources, attached hereto as **Exhibit F** and incorporated by reference herein.

45.     On October 14, 2011, Dr. Mercer submitted a revised charge with the EEOC adding claims for retaliation against MRHS.

46.     On October 17, 2011, MRHS mailed a letter to the Arkansas State Medical Board stating that Plaintiff had requested and had been placed on Voluntary Temporary Suspension of Medical Staff Privileges because of a self-admitted prescription drug problem.   A copy of the October 17, 2011 letter is attached hereto as **Exhibit G** and incorporated by reference herein.

47.     On November 1, 2011, MRHS notified Plaintiff that it would not be renewing its contract thereby terminating Plaintiff's employment on January 8, 2012.   A copy of the November 1, 2011 letter terminating Plaintiff's employment is attached hereto as **Exhibit H** and incorporated by reference herein.

48.     On or about December 8, 2011, the updated EEOC complaint with the retaliation claim was sent to MRHS

**Count I**
**Violation of the Americans with Disabilities Act of 1990,**
**42 U.S.C.A. § 12111, _et seq._—Confidentiality**

49.     Plaintiff restates and incorporates herein by reference the preceding paragraphs of this Complaint.

50.     At all times relevant hereto, Plaintiff was a qualified individual with a disability and an employee of MRHS.

51.     At all times relevant hereto, MRHS was an employer within the meaning of the ADA.

52.     The ADA requires employers to maintain the confidentiality of employee's medical condition or history.  42 U.S.C. § 12112(d).

53.     MRHS, by and through its agents and employees, violated Plaintiff's rights under the ADA by disseminating the June 1, Memo, the June 6 Memo and by advising the local newspaper of Plaintiff's confidential medical information.

54.    As a direct and proximate result of MRHS's blatant violations of the ADA, Plaintiff has suffered financial loss, serious mental and emotional injuries in excess of $75,000.00.

55.    Plaintiff is also entitled to recover costs and attorneys' fees incurred pursuant to the ADA.

**Count II**
**Violation of the Americans with Disabilities Act of 1990,**
**42  U.S.C.A. § 12111, *et seq.*—Medical Inquiries**

56.    Plaintiff restates and incorporates herein by reference the preceding paragraphs of this Complaint.

57.    At all times relevant hereto, Plaintiff was an employee and MRHS was an employer within the meaning of the ADA.

58.    Pursuant to 42 U.S.C. § 12112(d)(4), MRHS is prohibited from making inquiries into an employee's medical records and, further, is required to maintain the confidentiality of the medical condition or history of an employee in conformance with 42 U.S.C. § 12112(d)(3)(B) and (C).

59.    MRHS committed unlawful employment practices in violation of the ADA by making illegal inquiries into Plaintiff's pharmaceutical records.

60.    MRHS further committed unlawful employment practices in violation of the ADA by failing to maintain the confidentiality of information obtained from Plaintiff's pharmaceutical records.

61.    MRHS committed unlawful employment practices in violation of the ADA by using the information obtained through illegal inquiries into Plaintiff's pharmaceutical records in a manner not in accordance with the ADA.

62.     As a direct and proximate result of MRHS's blatant violations of the ADA, Plaintiff has suffered financial loss, serious mental and emotional injuries in excess of $75,000.00.

63.     Plaintiff is also entitled to recover costs and attorneys' fees incurred pursuant to the ADA.

### Count III
### Retaliation in Violation of the ADA

64.     Plaintiff restates and incorporates herein by reference the preceding paragraphs of this Complaint.

65.     At all times relevant hereto, Plaintiff was an employee and a qualified individual with a disability within the meaning of the ADA.

66.     At all times relevant hereto, MRHS was an employer within the meaning of the ADA.

67.     The ADA and its implementing regulations prohibit any person or private or public entity from discriminating against any individual because that individual has opposed any act or practice made unlawful by the ADA, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA. 42 U.S.C. § 12203; 28 C.F.R. 35.134.

68.     Plaintiff's EEOC Charge of Discrimination against MRHS constitutes an activity protected by the ADA.

69.     Plaintiff suffered an adverse employment action when:

    a. Dr. Tim Bowen instituted an investigation into Plaintiff's confidential pharmaceutical records maintained by MRHS without authorization;

    b. MRHS, through Dr. Tim Bowen, Dr. Patrick Fox, and Dr. David Brown suspended Plaintiff's employment;

     c.    MRHS terminated Plaintiff's employment; and

     d.    MRHS advised the Arkansas State Medical Board that Plaintiff "has a potential problem with prescription medication."

70.     There is a causal link between Plaintiff's EEOC proceedings and each of the adverse employment actions outlined in Paragraph 69 above.

71.     As a direct and proximate consequence of MRHS's unlawful and discriminatory acts, Plaintiff has suffered a loss of income, including salary and benefits, as well as physical and emotional pain and suffering and is entitled to an award of back pay, front pay, interest, benefits, compensatory damages and punitive damages in excess of $75,000.00.

72.     Plaintiff is also entitled to costs and attorneys' fees.

## Count IV
### Violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*

73.     Plaintiff restates and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

74.     Based upon information and belief, MRHS is a recipient of federal financial assistance within the meaning of the Rehabilitation Act of 1973 (the "Rehabilitation Act") through the Medicaid and Medicare programs, or other federal programs, and thus is covered by Section 704 of the federal Rehabilitation Act.

75.     Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act.

76.     MRHS has discriminated against Plaintiff on the basis of disability in violation of 29 U.S.C § 794 and its implementing regulations as more fully described above.

77.     As a direct and proximate consequence of MRHS's unlawful and discriminatory acts, Plaintiff has suffered a loss of income, including salary and benefits, as well as physical and

emotional pain and suffering and is entitled to an award of back pay, front pay, interest, benefits, compensatory damages and punitive damages in excess of $75,000.00.

78.    Plaintiff is also entitled to costs and attorneys' fees.

### Count V
### Violations of the Family Medical Leave Act, 29 U.S.C. 2601 *et seq.*

79.    Plaintiff restates and incorporates herein by reference the preceding paragraphs of this Complaint.

80.    At all times material hereto, Plaintiff was an employee and MHRS was an employer within the meaning of the Family Medical Leave Act, 29 U.S.C. § 2601 *et. seq.* ("FMLA").

81.    At all times material hereto, Plaintiff fell within the protections of FMLA as a person with a serious health condition.  29 U.S.C. § 2612(a)(1)(C).

82.    FMLA requires employer to maintain the confidentiality of employee medical records and medical histories and further mandates that documents and medical records created for purposes of FMLA to which the ADA is applicable be maintained in conformance with the ADA confidentiality requirements.

83.    MRHS, by and through its agents and employees, discriminated against Plaintiff and violated FMLA by publishing confidential information concerning Plaintiff's disability to approximately sixty (60) people in violation of 29 C.F.R. § 825.500(g).

84.    MRHS further violated FMLA when it provided Plaintiff's confidential medical information to the Mena Star for publication and dissemination in the local community.

85.    As a direct and proximate result of MRHS' violation of FMLA, Plaintiff has and will continue to be deprived of wage loss, fringe benefits, status, seniority and other benefits of

employment; Plaintiff has, and in the future, will experience mental anguish and other embarrassment, resulting from MRHS' violation of the FMLA.

86.     For the reasons set forth above, Plaintiff is entitled to an amount to be determined at trial including, but not limited to, compensatory damages in excess of $75,000.

87.     Plaintiff is also entitled to interest, costs and attorneys' fees as provided for under the FMLA.

**Count VI**
**Retaliation in Violation of Title VII of Civil Rights Act of 1964,**
**42 U.S.C. § 2000e-3(a).**

88.     Plaintiff restates and incorporates herein by reference the preceding paragraphs of this Compliant.

89.     MRHS is a person within the meaning of and subject to Title VII of the Civil Rights Act of 1964, as amended.

90.     Plaintiff engaged in an activity protected by ADA.

91.     Plaintiff was subjected to an adverse employment action of MRHS by:

   a.  Dr. Tim Bowen instituted an investigation into Plaintiff's confidential pharmaceutical records maintained by MRHS without authorization;

   b.  MRHS, through Dr. Tim Bowen, Dr. Patrick Fox, and Dr. David Brown suspended Plaintiff's employment;

   c.  MRHS terminated Plaintiff's employment; and

   d.  MRHS advised the Arkansas State Medical Board that Plaintiff "has a potential problem with prescription medication."

92.     Plaintiff was subjected to the adverse employment action because of the claims filed against MRHS with the EEOC.

93.     As a direct and proximate consequence of MRHS's unlawful and discriminatory acts, Plaintiff has suffered a loss of income, including salary and benefits, as well as physical and

emotional pain and suffering and is entitled to an award of back pay, front pay, interest, benefits, compensatory damages and punitive damages in excess of $75,000.00.

94.     Plaintiff is also entitled to costs and attorneys' fees.

## Count VII
## Violation of the Arkansas Civil Rights Act,
## Ark. Code Ann. § 16-123-101 *et seq.*

95.     Plaintiff restates and incorporates herein by reference the preceding paragraphs of this Compliant.

96.     Plaintiff suffers from a disability as defined by the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq.* ("ACRA").

97.     MRHS is an employer as defined by ACRA.

98.     ACRA makes it unlawful for any person to discriminate against any individual because such individual in good faith has opposed any act or practice made unlawful by ACRA or because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under ACRA. Ark. Code Ann. § 16-123-108.

99.     Plaintiff's EEOC Charge of Discrimination against MRHS was made in good faith and opposed acts and practices made unlawful by ACRA.

100.    MRHS subjected Plaintiff to an adverse employment action by:

   a. Dr. Tim Bowen instituting an investigation into Plaintiff's confidential pharmaceutical records maintained by MRHS without authorization;

   b. MRHS, through Dr. Tim Bowen, Dr. Patrick Fox, and Dr. David Brown suspension Plaintiff's employment;

   c. MRHS termination of Plaintiff's employment; and

   d. MRHS advising the Arkansas State Medical Board that Plaintiff "has a potential problem with prescription medication."

101.   MRHS retaliated against Plaintiff in violation of ACRA and, as a result, Plaintiff has been damaged in an amount to be determined at trial including, but not limited to, back pay, interest on back pay, compensatory damages, punitive damages, costs of this action and attorneys' fees.

**Count VIII**
**Wrongful Termination in Violation of Arkansas Public Policy**

102.   Plaintiff restates and incorporates herein by reference the preceding paragraphs of this Complaint.

103.   Plaintiff engaged in protected conduct when he filed a Charge of Discrimination against MRHS with the EEOC.

104.   MRHS violated Arkansas public policy by terminating Plaintiff's employment contract in retaliation to Plaintiff's protected conduct and, as a result, Plaintiff has been damaged in an amount to be determined at trial including, but not limited to, back pay, interest on back pay, compensatory damages, punitive damages, costs of this action and attorneys' fees.

**Count IX**
**Invasion of Privacy-Unreasonable Publicity Given to Plaintiff's Privacy**

105.   Plaintiff restates and incorporates herein by reference the preceding paragraphs of this Complaint.

106.   By providing the Mena Star with Plaintiff's confidential medical information, MRHS gave publicity to a matter concerning Plaintiff's private life that would be highly offensive to a reasonable person.

107.   Plaintiff's confidential medical information was of no concern to the public.

108.   The foregoing conduct of MRHS constitutes an unlawful invasion of Plaintiff's privacy.

109.    As a result of MRHS's invasion of Plaintiff's privacy, Plaintiff has suffered damages in an amount to be determined at trial including, but not limited to, consequential and punitive damages in excess of $75,000.00

### Count X
### Invasion of Privacy-Intrusion Upon Seclusion

110.    Plaintiff restates and incorporates herein by reference the preceding paragraphs of this Complaint.

111.    MRHS, by and through its agents and employees, intentionally intruded upon Plaintiff's personal affairs by reviewing Plaintiff's pharmaceutical records without Plaintiff's knowledge or consent.

112.    MRHS's review of Plaintiff's confidential pharmaceutical records would be considered highly offensive to a reasonable person.

113.    Plaintiff had a legitimate expectation of privacy in his pharmaceutical records.

114.    The foregoing conduct of MRHS constitutes an unlawful invasion of Plaintiff's privacy.

115.    As a result of MRHS's invasion of Plaintiff's privacy, Plaintiff has suffered damages in an amount to be determined at trial including, but not limited to, consequential and punitive damages in excess of $75,000.00.

### DEMAND FOR JURY

116.    Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

117.    Plaintiff requests that he be compensated for the discriminatory acts by the Mena Hospital Commission, d/b/a Mena Regional Health System, as follows:

    a.  Lost wages and benefits and accrued interest;

b.  Future lost wages and benefits;

c.  Compensatory damages for humiliation, embarrassment, mental anguish and pain and suffering;

d.  Punitive damages;

e.  Attorney's fees, costs, and expenses; and

f.  Any other relief that the Court deems just and equitable to make Plaintiff, Michael Mercer, M.C., whole.

Respectfully submitted,
GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800

By:  _____
Matthew B. Finch, ABA #2001025, finch@gill-law.com
Danielle Whitehouse, ABA #2009192, whitehouse@gill-law.com

17



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Little Rock Area Office

820 Louisiana St., Suite 200
Little Rock, AR 72201
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
TTY (501) 324-5481
FAX (501) 324-5991

## FAX TRANSMITTAL SHEET

DATE      : September 17, 2012              TIME: 11:30a

NUMBER OF PAGES + COVER SHEET: 3


TO        : Jenny Holt Teeter

OFFICE    : Gill Elrod Ragon Owen & Sherman

FAX NO.   : 501/372-3359

REMARKS   : Charge No. 493-2011-01200
            Dr. Michael Mercer v Mena Regional Health System

FROM      : Virginia Pollard
            Enforcement Supervisor

OFFICE    : EEOC, Little Rock Area Office

PHONE #   : 501/324-6016


CONFIRMATION REQUIRED    YES_____          NO_____



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Little Rock Area Office

820 Louisiana St., Suite 200
Little Rock, AR 72201
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
TTY (501) 324-5481
FAX (501) 324-5991

Charge Number: 493-2011-01200

Michael Mercer
14 Coraza Circle
Hot Springs Village, AR 71909          Charging Party

Mena Regional Health System
311 North Morrow
Mena, AR 71953                         Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the charge filed under the Americans with Disabilities Act of 1990, as amended (ADA).

Respondent is an employer within the meaning of the statutes. Timeliness and all other requirements for coverage have been met.

Charging Party alleges that his medical and pharmaceutical information were not kept confidential in violation of The Americans with Disabilities Act of 1990, as amended (ADA) and he was given the option to go on leave or resign his position in retaliation for filing a charge with the EEOC in violation of the ADA.

There is not reasonable cause to believe that Charging Party's pharmaceutical information was not kept confidential in accordance with the ADA or that he was retaliated against for having filed an EEOC charge.

However, there is reasonable cause to believe that Charging Party's specific medical information was not kept confidential in violation of ADA.

The evidence of record reveals that on or about May 31, 2011, Charging Party informed the hospital Administrator that he had to undergo bypass surgery and that he would be unable to work for several weeks. On June 1, 2011, Respondent sent a memorandum to approximately 60 individuals informing them that Charging Party had undergone emergency bypass surgery that day. The memo was passed to several individuals beyond the original recipients. On June 6, 2011, Respondent sent again another email to approximately 60 individuals mentioning that Charging Party's absence was due to having a coronary bypass surgery.

Determination - Charge No. 493-2011-01200          Page 2

Based on the above, there is reasonable cause to believe the Respondent failed to maintain Charging Party's medical information confidential in accordance with the ADA.

The ADA requires that, if the Commission determines that there is reasonable cause to believe that a violation has occurred, it will endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

Having determined that there is reasonable cause to believe that a violation has occurred, the Commission now invites Respondent and Charging Party to join with it in a collective effort toward a just resolution of this matter. A proposed conciliation agreement is enclosed.

Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with the statute and Section 1601.26 of the Commission's procedural regulations. If Respondent declines to enter into conciliation discussions, or the Commission's representative for any other reason is unable to secure an agreement acceptable to the Commission, I will so inform Respondent and Charging Party in writing of the court enforcement alternative available to Charging Party and the Department of Justice (DOJ).

         On behalf of the Commission,

**SEP 1 7 2012**

Date          William A. Cash, Jr.
         Area Director

cc:   Jenny Teeter, CP Attorney
     P. Delanna Padilla ,R Attorney

**U.S. Department of Justice**

Civil Rights Division

*Disability Rights Section - NYA*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

**DEC 0 3 2013**

DJ# 205-10-4

<u>**CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

Mr. Michael Mercer
c/o Jenny Holt Teeter
Gill Ragon Owen, P.A.
425 West Capitol Avenue, Suite 3801
Little Rock, AR 72201

      Re:   EEOC Charge Against:   Mena Regional Health System
              EEOC No.:             493-2011-01200
              DJ#:                  205-10-4

Dear Mr. Mercer:

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

      It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

      You are hereby notified that conciliation on your case was unsuccessful by the EEOC. <u>You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

      Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

We are returning the files in this matter to EEOC's District Office.  If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

> Katharine W. Kores
> Memphis District Office
> 1407 Union Avenue
> Suite 901
> Memphis, TN 38104

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

> Sincerely,
>
> Jocelyn Samuels
> Acting Assistant Attorney General
>
>
> BY: _____
>            Elaine Grant
>            Attorney
>            Disability Rights Section


cc:   Mr. Michael Mercer
      Mena Regional Health System
      EEOC – Memphis District Office

2



**From:** Bob Eizey <bobe@menaregional.com>
**To:** Bob Eizey <bobe@menaregional.com>; "Austin Emery" <emerymena@aol.com>; "Danny Thrailkill" <danny@arklawyer.com>; "David Gilbert <gilbertshardrock@sbcglobal.net>; "Dr. Carlos Rocha" <drcarlosrocha@earthlink.net>; "Judith Roberson" <jr47@att.net>; "Leon Philpot" <philpot@rmec.com>; "Paula Brotherton" <paulabrotherton@hotmail.com>; "Steve Forrest" <stevepaulforrest@yahoo.com>; "Michael Mercer" <mjsurg1@yahoo.com>; "Dr. William Meaney" <huntman@iol.net>; "Dr. Ron Becker" <drbecke@hotmail.com>; "Dr. Robert Williams" <kd5TX@amsat.org>; "Dr. Robert Marin" <marlinmd@sbcglobal.net>; "Dr. Rick Lochala" <anvcmena@sbcglobalnet>; "Dr. Patrick Fox" <Padralgh45@gmail.com>; "Dr. Mary Fitzgerald" <mfitzgerald@healthy-connections.org>; "Dr. Lori Sessler" <lsessler@healthy-connections.org>; "Dr. Jonathan Welsh" <jcwelshmd@gmail.com>; "Dr. John Masko" <jmivo@sbcglobal.net>; "Dr. John Finck" <finck71959@yahoo.com>; "Dr. Humberto Sosa" <bertososo@yahoo.com>; "Dr. David Henderson" <dbchdd@sbcglobal.net>; "Dr. David Brown" <davidb1929@sbcglobal.net>; "Dr. Bill McCourtney" <drmccourtney@sbcglobal.net>; "Dr. Alina Melnick" <thelwallsposties@sbcglobal.net>; "Debra Fariess APN3" <debrafariess@yahoo.com>; "Belinda Zinke APN" <bzinke@allegiance.tv>; "Wes Wilson" <weswilson@menaregional.com>; "Tony Tackett" <tonyt@menaregional.com>; "Todd Laing" <toddl@menaregional.com>; "Jim Bowen" <jimb@menaregional.com>; "Teresa Wise" <teresaw@menaregional.com>; "Sue Cavner" <suec@menaregional.com>; "Shawn Free" <shawnf@menaregional.com>; "Scott Eakins" <scotte@menaregional.com>; "Sara Hale" <sarah@menaregional.com>; "Russell Lockhart" <russelll@menaregional.com>; "Paul Rogers" <scto@menaregional.com>; "Mina Anderle" <minae@menaregional.com>; "Melinda Richardson" <melinda@menaregional.com>; "Mary Ellen Winters" <maryellenw@menaregional.com>; "Leslie Troutman" <lesliem@menaregional.com>; "Kim Dearnest" <kimd@menaregional.com>; "Kay Sibley" <kays@menaregional.com>; "Karen Medford" <karenm@menaregional.com>; "John Roberts" <johnr@menaregional.com>; "Ewanta Turner" <ewantat@menaregional.com>; "Doris Hastey" <dorish@menaregional.com>; "Debbie Nelson" <debbien@menaregional.com>; "Darlena Hesterlee" <darlenah@menaregional.com>; "Denise Burk" <dariseleb@menaregional.com>; "Cindy Cloud" <cindyc@menaregional.com>; "Beth Smith" <beths@menaregional.com>; "Ashley Wilson" <ashleyw@menaregional.com>; "Rick Billingsley" <rickb@menaregional.com>
**Cc:** Danny Thrailkill <danky@arklawyer.com>; Ewanta Turner <ewantat@menaregional.com>; Tammy Free <tammyb@menaregional.com>; Sue Rowell <suep@menaregional.com>
**Sent:** Wednesday, June 01, 2011 4:53 PM
**Attach:** Memo - Dr. Mercer Surgery.doc
**Subject:** Dr. Mercer Out on Medical Leave

Attached is a memo to inform you that Dr. Michael Mercer has had emergency heart bypass surgery in Little Rock this afternoon. This was an unplanned event and we are working diligently to provide interim coverage in his absence. We expect to have interim coverage in place beginning Monday June 6. I will provide you with more information as it develops. I know you will all keep Dr. Mercer in your prayers for a healthy and fast recovery.

Bob Eizey, FACHE
Chief Executive Officer
Mena Regional Health System
(479) 243-2237

Michael Mercer v. Mena Regional Health System
493-201101206



**EXHIBIT**
5 413

**MENA REGIONAL HEALTH SYSTEM**

# Memo

**To:**     Medical Staff

Hospital Commission

Department Managers

**From:**   Bob Ellzey, CEO

**Date:**   June 1, 2011

**Re:**     DR. MERCER OUT ON MEDICAL LEAVE UNTIL FURTHER NOTICE

Dr. Michael Mercer had open heart bypass surgery today at Arkansas Heart Hospital in Little Rock. He will be out on medical leave until further notice. All non-emergency general surgical procedures that were scheduled for this week are being rescheduled. Any emergencies that come into the Emergency Department are being transferred to other facilities.

We are working quickly to arrange for general surgery coverage beginning Monday, June 6. Dr. Sean Champion and Dr. Lloyd Ruff have both expressed interest and availability in helping provide coverage. We are also in contact with a locum tenens company about providing interim coverage.

Dr. Mercer just learned of the emergency need for this surgery yesterday following a heart catheterization. We will keep you informed as our plans for surgery continue to come together.

Michael Mercer V. Mena Regional Health System
493-2011-01200



**From:** "Bob Elizay" <bobe@menaregional.com>
**To:** "Steve Forrest" <stevepaulforrest@yahoo.com>; "Michael Mercer" <mlsurg1@yahoo.com>; "Dr. William Meaney" <hubble2@pa.net>; "Dr. Ron Beckel" <drbeckel@hotmail.com>; "Dr. Robert Williams" <kd5TXO@amsat.org>; "Dr. Robert Manis" <manismd@sbcglobal.net>; "Dr. Rick Lochala" <mvcmena@sbcglobal.net>; "Dr. Patrick Fox" <Padraigh46@gmail.com>; Dr. Mary Fitzgerald" <mfitzgerald@healthy-connections.org>; "Dr. Lori Sessler" <lsessler@healthy-connections.org>; "Dr. Jonathan Welsh" <jcwelshmd@gmail.com>; "Dr. John Meeko" <jmowe@sbcglobal.net>; "Dr. John Finck" <finck1953@yahoo.com>; "Dr. Humberto Sosa" <berts88@yahoo.com>; "Dr. David Henderson" <dschog@sbcglobal.net>; "Dr. David Brown" <davidb1976@sbcglobal.net>; "Dr. Carlos Rocha" <drnanorocha@earthlink.net>; "Dr. Bill McCourtney" <drmccourtney@sbcglobal.net>; "Dr. Alina Mishrick" <netwelyeavposteo@sbcglobal.net>; "Debra Faircloth APN" <debrafaircloss@yahoo.com>; "Belinda Zinke ARN" <bzinke@alliancerx.>; Bob Elizay" <bobe@menaregional.com>; Austin Emery" <emerymena@aol.com>; "Danny Thrailkill" <danny@arklawyer.com>; "David Gilbert" <gilbertshardrock@sbcglobal.net>; Judith Roberson" <jr4x@att.net>; "Leon Philpot" <philpot@rmec.com>; "Paula Brotherton" <paulabrotherton@hotmail.com>; Wes Wilson" <wesw@menaregional.com>; "Tony Tackett" <tony@menaregional.com>; "Todd Laing" <todd@menaregional.com>; "Tim Bowen" <timb@menaregional.com>; "Teresa Wise" <teresaw@menaregional.com>; "Sue Cavner" <suec@menaregional.com>; "Shawn Free" <shawn@menaregional.com>; "Scott Eaklns" <scotte@menaregional.com>; "Sara Hale" <sarah@menaregional.com>; "Russell Lockhart" <russell@menaregional.com>; "Paul Rogers" <pro@menaregional.com>; "Ming Anderle" <minea@menaregional.com>; "Melinda Richardson" <melinda@menaregional.com>; "Mary Ellen Winters" <maryellenw@menaregional.com>; "Leslie Troupanh" <lesliem@menaregional.com>; "Kim Dabney" <kimd@menaregional.com>; "Kay Shirey" <kays@menaregional.com>; "Karen Medford" <karchin@menaregional.com>; "John Roberts" <john@menaregional.com>; "Ewanta Turner" <ewanta@menaregional.com>; "Doris Hastey" <dorish@menaregional.com>; "Debbie Nelson" <debbien@menaregional.com>; "Darlene Hestabee" <darlenen@menaregional.com>; "Darlene Burr" <darlene@menaregional.com>; "Cindy Cloud" <cindyc@menaregional.com>; "Beth Smith" <beths@menaregional.com>; "Ashley Wilson" <ashleyw@menaregional.com>; "Rick Billingsay" <dick@menaregional.com>
**Cc:** "Ewanta Turner" <ewanta@menaregional.com>; "Danny Thrailkill" <danny@arklawyer.com>; "Sue Powell" <suep@menaregional.com>; "Tammy Hiser" <tammyb@menaregional.com>
**Sent:** Monday, June 06, 2011 5:33 PM
**Subject:** Dr. Mercer and Surgical Services

Dr. Michael Mercer's coronary artery bypass surgery last Wednesday was successful and he has been discharged from Arkansas Heart Hospital. He seems to be recovering well. He will obviously be out a few weeks, but it is premature to project a date that he will return to service.

Beginning Tuesday, June 7 we will be able to provide surgical services on a limited basis. Dr. Sean Champion and Dr. Lloyd Ruff have agreed to provide surgical consults in Dr. Mercer's office and provide non-emergent surgical procedures in our hospital. We have been able to verify their credentials and Dr. Fox and I have signed to issue temporary surgical privileges to them. Both surgeons are Board Certified in General Surgery. Procedures will be limited to less complex procedures, colonoscopies, EGD's, etc. (Dr. Champion has been directing our wound care center for the past 3 months. Dr. Ruff currently works in our Emergency Department.)

Dr. Mercer's office will be open each day to schedule appointments. These surgeons will be available 3 days this week, 2 days next week then 4 days each week during the last 2 weeks of June. The patchwork schedule is as follows:

Dr. Champion:  6/8      office      9:00 - 4:00
               6/13     surgery     7:30 - 12:00

```
              6/15    office/surgery
              6/20    office/surgery
              6/22    office/surgery
              6/27    office/surgery
              6/29    office/surgery

Dr. Ruff      6/7     office          1:00 - 4:30
              6/9     surgery         1:00 - 4:30
              6/21    office/surgery
              6/23    office/surgery
              6/28    office/surgery
              6/30    office/surgery
```

We have contacted several locum tenens companies but have not been presented with any available surgeons at this time. We appreciate Dr. Champion and Dr. Ruff stepping forward to help us during this interim period while Dr. Mercer recovers to return to service. Thank you for your support as we seek to maintain at least part time surgical services during this period.

Bob Elizey, FACHE
Chief Executive Officer
Mena Regional Health System
(479) 249-2237

■ The Mena Star • Thursday, June 9, 2011 • 11A

# MRHS awarded for patient care

MENA - Mena Regional Health System was recognized for meeting all criteria of quality indicators by the Arkansas Foundation for Medical Care and the Arkansas Department of Human and Services in an awards ceremony in Little Rock on May 10th when they were awarded the Arkansas Medicaid Inpatient Quality Incentive Program award.

The IQI program requires hospitals to meet or exceed specific goals related to patient care quality that demonstrate improved outcomes for patients. During the most recent round, 27 Arkansas hospitals improved care and met the criteria to qualify for recognition. This program has earned national attention for its innovation and health care community involvement.

This award is a team effort by all members of the hospital workforce working in partnership with our physicians. This award demonstrates our commitment to quality in patient care and entitles the facility to receive additional monies in payment for services.



## Alford Metals, Inc.

Residential and Commercial

40 year manufacturer's warranty sheet metal with the lowest prices around!

**Angles, Beams,**

**Channels, Flats**

**New and Reject Plate,**

**New and Reject Square Tube,**

**New and Used Pipe,**

**Sucker Rod,**

**Fencing Supplies,**

**Quickrete Cement.**

**Call For Prices**

**We deliver every Friday!**

## Alford Metals, Inc.

1/8 of a Mile East of Red Oak on Highway 270

## Dr. Mercer out for next few weeks at MRHS

MENA - According to Mena Regional Health System, due to a recent illness Dr Michael Mercer, MRHS General Surgeon, will be out of the office for the next few weeks. The Mena Surgical Center will remain open and see patients for surgical consults and non-emergent planned procedures.

Dr. Sean Champion and Dr. Lloyd Ruff have agreed to provide surgical services at MRHS on a limited basis during his absence. Office hours will remain the same. Call 479-394-1414 for appointments.



**Portable Building Sales**

We Accept Visa/Mastercard

MASONITE SIDING **Buildings**

8x10 ........................ $ 899

Medicaid Inpatient Quality Incentive Pro-



OCT/18/2011/TUE 11:24 AM   Gill Elrod Ragon PA        FAX No. 501 372 3359        P. 003



**MENA REGIONAL HEALTH SYSTEM**

MARY ELLEN WINTERS DIRECT DIAL 479-243-2369
MARYELLENW@MENAREGIONAL.COM

311 North Morrow Street ~ Mena, Arkansas 71953 ~ www.menaregional.com ~ (479) 394-6100

October 4, 2011

Michael J. Mercer, M.D.
1102 A Hickory
Mena, AR 71953

Re:   Employment with Mena Regional Health System

Dear Dr. Mercer:

Tim Bowen informed me yesterday that you are placing yourself on a leave of absence for an undetermined amount of time. Therefore, pursuant to the terms of our healthcare plan document, we will deduct the premium for the remainder of the month of October from the next check you will receive on October 17, 2011. This will allow you to remain on our health insurance until October 31, 2011. At that point, you will receive a letter from CoreSource advising of your COBRA rights under our Plan.

If you require additional information, or clarification of the above, please feel free to contact me.

Very truly yours,

Mary Ellen Winters
Mary Ellen Winters
DIRECTOR OF HUMAN RESOURCES

# MENA REGIONAL
## HEALTH SYSTEM

November 1, 2011

Wayne Mercer, M.D.
Hickory
Mena, AR 71953

Dear Dr. Mercer:

This letter provides you with at least thirty days notice that the Mena Regional Health System and Mena Regional Health System will not offer a renewal of your current contract. The contract is scheduled to end February 1, 2012. You will need to remove any property of the hospital immediately. Surrender badge, keys, to your office.

Thank you for your services over the past few years and we wish you well.

Sincerely,

[signature]

Tim Bowen
Chief Executive Officer

SENT BY CERTIFIED REGISTERED MAIL