UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL J. MERCER, M.D.

               Plaintiff,

   versus

MENA HOSPITAL
COMMISSION, d/b/a MENA
REGIONAL HEALTH
SYSTEM and JOHN DOE
INSURANCE CARRIER

          Defendants.

Case No. 2:14-cv-02041-PKH

## AGREED QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to Plaintiff to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" or "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to Plaintiff to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

4. Any person or entity that obtains PHI pursuant to this Order shall provide written notice of the receipt of the PHI to Plaintiff's counsel pursuant to and in compliance with Ark.

Code Ann. § 16-46-403.

5.      The parties and their attorneys shall be permitted to use or disclose Plaintiff's PHI

for purposes of prosecuting or defending this action including any appeals of this case.

Plaintiff's PHI, and any summary, description, analysis or report containing such PHI, may be

disclosed only to the following persons:

(a)      the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal

therefrom;

(b)      independent experts or consultants of the receiving party who are not and

have not been an employee of a party or of an affiliated company of a party and who have

been retained by counsel to assist in preparation of this action for trial, with disclosure

only to the extent necessary to perform such work;

(c)      witnesses deemed necessary by counsel for the prosecution, defense, or

settlement of this action;

(d)      any governmental office, department or agency, or the employees or

agents thereof when such information has been demanded pursuant to a subpoena or

other legal request;

(e)      officers or employees of the receiving party whom a receiving party

believes he or she needs to consult solely for purposes of prosecuting, defending, and/or

appealing this litigation; and

(f)      the parties' counsel of record, and any other counsel for a party that

appears in this action, and their paralegal assistants, law clerks, stenographer and clerical

employees who are assisting in the prosecution, defense and/or appeal of this action.

2

6.     Prior to disclosing Plaintiff's PHI to persons outlined in Paragraph 5 above, counsel shall inform each person that Plaintiff's PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's PHI do not use or disclose such information for any purpose other than this litigation.

7.     A person receiving PHI shall not disclose such information to any person who is not entitled to receive such information under this Order. If PHI is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of Plaintiff's counsel, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

8.     Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of Plaintiff's PHI received from counsel pursuant to Paragraph 5 of this Order, shall return Plaintiff's PHI to the covered entity or destroy any and all copies of PHI pertaining to Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

9.     Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to patient authorization, or other lawful process.

10.    Any party seeking to file a document containing PHI, including medical and pharmaceutical records, not specifically disclosed in Plaintiff's Complaint shall file a motion for leave to file the document under seal citing to this Order and in compliance with local rules and practice, including *General Order No. 36, In re Implementation of Case Management /Electronic*

3

*Case Files (CM/ECF) for Civil Filings.* If a document purporting to contain PHI accompanies a motion to seal it must be submitted to the Clerk's office conventionally and shall be placed inside an 8½" x 11" envelope. The movant shall affix a cover sheet to the exterior of the envelope containing the motion and accompanying document with the following information:

(1) Case Caption;

(2) The Name of the document, if it can be publicly disclosed; otherwise, an appropriate title by with the document may be identified on the public docket; and

(3) The name, address and telephone number of the person filing the document.

11.     If a motion to seal is granted, the Court will electronically enter the order authorizing the filing of the document under seal. If the motion is denied, the document will be returned to the movant.

12.     Except as otherwise provided in Paragraph 10, this Order does not require the Parties to seal Court filings or Court proceedings.

**IT IS SO ORDERED**.

8-22-14

Honorable P.K. Holmes, III
United States District Judge

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 2 2 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

4

Prepared and Approved by:

 /s/ Danielle M. Whitehouse
Danielle M. Whitehouse, ABA # 2009192
Gill Ragon Owen, P.A.
425 West Capitol Ave., Suite 38
Little Rock, AR 72201
(501) 376-3800
whitehouse@gill-law.com

*Attorney for Plaintiff*

Approved by:

 /s/ P. Delanna Padilla
P. Delanna Padilla, Ark. Bar No. 2001191
WRIGHT, LINDSEY & JENNINGS, LLP
3333 Pinnacle Hills Parkway, Suite 510
Rogers, AR 72758-8960
(479) 986-0888
dpadilla@wlj.com

*Attorney for Defendants*